**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SAAKET VARMA,**
Plaintiff,

v. CASE NO.: 8:25-cv-01918-WFJ-CPT

**IQVIA, INC.,**
Defendant,
_________________________________________/

**MOTION FOR LEAVE TO WITHDRAW**
**AS COUNSEL FOR PLAINTIFF**

Jason W. Imler, Esq., Alberto Gonzalez, Esq., and Imler Law respectfully move this Court for leave to withdraw as counsel of record for Plaintiff Saaket Varma and state as follows:

1. This employment action is pending in the United States District Court for the Middle District of Florida, Tampa Division.

2. Undersigned counsel currently appears as counsel of record for Plaintiff Saaket Varma.

3. On August 27, 2026, the parties participated in mediation. The mediation was suspended at Plaintiff's request and concluded without a settlement.

4. Following the mediation, significant and irreconcilable differences arose between Plaintiff and undersigned counsel concerning the attorney-client relationship, counsel's professional advice, and the continued handling of the litigation.

5. Plaintiff communicated that he no longer wished to be represented by Alberto Gonzalez, Esq. and raised substantial concerns regarding the representation provided by Imler Law. After considering Plaintiff's communications and the history of the attorney-client relationship, undersigned counsel concluded that the relationship has broken down to the point that continued representation is no longer feasible and has been rendered unreasonably difficult.

6. Undersigned counsel advised Plaintiff in writing on August 27, 2026, that Imler Law intended to seek leave to withdraw from the representation because of irreconcilable differences and the resulting breakdown of the attorney-client relationship.

7. Plaintiff has directly consented in writing to Imler Law's withdrawal. Plaintiff was further advised that Imler Law would provide a reasonable transition period so that Plaintiff could retain substitute counsel.

Undersigned counsel has advised Plaintiff that, if no attorney enters an appearance, Plaintiff may proceed pro se subject to the Court's requirements.

8. Good cause exists for withdrawal under Rule 4-1.16(b) of the Rules Regulating The Florida Bar because the attorney-client relationship has deteriorated to the point that continued representation is no longer feasible and has been rendered unreasonably difficult. Undersigned counsel respectfully avoids disclosing privileged or confidential attorney-client communications beyond what is necessary to establish good cause for withdrawal.

9. Withdrawal can be accomplished without undue prejudice to Plaintiff. Plaintiff has been given written notice of counsel's intent to withdraw, has directly consented to the withdrawal, and has an opportunity to obtain substitute counsel. Undersigned counsel respectfully requests that Plaintiff be afforded thirty (30) days from the Court's order granting withdrawal to secure substitute counsel, or alternatively to advise the Court that he intends to proceed pro se.

10. Undersigned counsel is not seeking a charging lien in connection with this withdrawal.

11. Pursuant to Local Rule 3.01(g), undersigned counsel conferred with counsel for Defendant regarding the relief requested in this motion. On August 27, 2026, Defendant's counsel, Eric B. Moody, Esq., advised by email that Defendant has no objection to Imler Law's withdrawal or to Marble PC's withdrawal.

## MEMORANDUM OF LAW

### I. GROUNDS FOR WITHDRAWAL UNDER THE APPLICABLE RULES

Local Rule 2.02(c) of the United States District Court for the Middle District of Florida provides that a lawyer who has appeared in an action may not withdraw without leave of Court. The Rule requires advance notice to the affected client unless the client consents to withdrawal and, if withdrawal will result in an individual proceeding pro se, requires the motion to provide the individual's mailing address, email address, and telephone number.

The Middle District also requires attorneys appearing before it to remain familiar with and bound by the Rules Regulating The Florida Bar. M.D. Fla. Local Rule 2.01(e). Under Florida Rule of Professional Conduct 4-1.16(b), a lawyer may withdraw when the representation has been rendered

unreasonably difficult by the client or when other good cause for withdrawal exists.

The Eleventh Circuit has recognized that withdrawal is appropriate when counsel demonstrates either that withdrawal will not prejudice the client or that good cause affecting the attorney-client relationship supports withdrawal. *Portnoy v. United States*, 811 F. App'x 525 (11th Cir. 2020).

Here, the relationship between Plaintiff and undersigned counsel has suffered a fundamental breakdown. Plaintiff has expressed substantial dissatisfaction with counsel's representation, discharged one of the Imler Law attorneys from further participation in his matter, and raised concerns that demonstrate a loss of the trust and confidence necessary for counsel to continue effectively representing him. Counsel has independently concluded that irreconcilable differences now make continued representation impracticable and unreasonably difficult. Further detail would risk disclosure of privileged and confidential attorney-client communications and is unnecessary to establish good cause.

## II. WITHDRAWAL WILL NOT UNDULY PREJUDICE PLAINTIFF

Withdrawal will not unduly prejudice Plaintiff. Plaintiff has been advised in writing that Imler Law intends to withdraw, has directly

consented to Imler Law's withdrawal, and has been advised to secure substitute counsel. Counsel has proposed a thirty-day transition period to permit Plaintiff to retain replacement counsel. If no substitute counsel appears, Plaintiff may proceed pro se and will remain responsible for compliance with all applicable rules, orders, and deadlines.

The requested transition period is intended to protect Plaintiff's interests and permit an orderly transfer of the file and responsibility for the litigation. Undersigned counsel will continue to comply with all professional obligations and orders of this Court unless and until withdrawal is permitted.

## III. COMPLIANCE WITH LOCAL RULE 2.02(c)

Local Rule 2.02(c)(1) requires a withdrawing lawyer to notify each affected client at least fourteen (14) days before moving to withdraw unless the client consents to withdrawal. Plaintiff was provided written notice of undersigned counsel's intent to withdraw on August 27, 2026, and Plaintiff has directly consented in writing to the withdrawal. Accordingly, the fourteen-day notice period is not required.

Plaintiff's last known contact information is:

Saaket Varma
4034 Alissa Ln
Haines City, FL 33844
Email: saaket.varma@gmail.com
Phone: +1.716.812.5453

## IV. LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that counsel conferred with opposing counsel regarding the relief requested in this Motion. On August 27, 2026, Eric B. Moody, Esq., counsel for Defendant, responded that Defendant has no objection to Imler Law's withdrawal or to Marble PC's withdrawal. Accordingly, the relief requested herein is unopposed.

WHEREFORE, Undersigned counsel respectfully requests that this Court enter an Order:

i. granting this Motion and authorizing Jason W. Imler, Esq., Alberto Gonzalez, Esq., and Imler Law to withdraw as counsel of record for Plaintiff SAAKET VARMA;

ii. relieving Jason W. Imler, Esq., Alberto Gonzalez, Esq., and Imler Law of further obligations as counsel of record for Plaintiff, subject to any transition obligations imposed by the Court;

iii. allowing Plaintiff thirty (30) days from entry of the Court's Order to secure substitute counsel or notify the Court that he intends to proceed pro se;

iv. directing that, unless and until substitute counsel appears, all future pleadings, orders, notices, and other papers be served directly on Plaintiff at his last known contact information set forth above;

v. directing the Clerk to terminate undersigned counsel's CM/ECF electronic notice in this action upon the effective date of withdrawal; and

vi. granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Jason W. Imler*
**Jason W. Imler**
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
Imler Law
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 1, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will provide notice to all counsel of record. A copy of the foregoing was also provided to Plaintiff Saaket Varma by email at saaket.varma@gmail.com and by U.S. Mail at 4034 Alissa Ln, Haines City, FL 33844.

*/s/ Jason W. Imler, Esq.*
Jason W. Imler
Florida Bar No. 1004422
Alberto “Tito” Gonzalez
Florida Bar No. 1037033
Imler Law
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com